United States District Court
Southern District of Texas
**ENTERED**
January 04, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PETER REED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-3817 |
| | § | |
| AAA TEXAS LLC, | § | |
| | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff's Title VII race discrimination case is before the Court on Defendant's Motion for Summary Judgment.[1] ECF 23. Plaintiff, who is pro se, did not file a timely response.[2] Having considered Defendant's motion, the summary judgment record, and the law, the Court recommends that Defendant's Motion for Summary Judgment be GRANTED.

## I.     Background

The facts in this section are established by the record before the Court. Peter Reed, a Black male, was employed by AAA Texas for approximately eighteen years, and worked during the final three years of his employment as a Life Agent. In February 2019, Reed

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 8.

[2] Local Rule of the Southern District of Texas 7.4 permits a court to construe a party's failure to respond to a motion as a representation of no opposition. The Fifth Circuit has held that for a dispositive motion "[t]he mere failure to respond ... is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008). However, when a party fails to respond to a dispositive motion the court may decide the motion on the record before it. *Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co*., No. CIVA H-08-2696, 2010 WL 1169957, at *5 (S.D. Tex. Mar. 23, 2010).

filed an Application for Pension Benefits indicating that his last day of employment with AAA would be March 29, 2019.  On March 13, 2019 Reed's manager and supervisor, Joel Martinez, met with Reed for the purpose of terminating Reed's employment due to his failure to meet production goals.  At that meeting, Reed informed Martinez for the first time that he was retiring effective March 29, 2021.  ECF 23-1 at ¶¶ 4-5.  Defendant AAA accepted Reed's voluntary retirement, effective March 29, 2019, and paid him through that date.  However, Reed was not allowed to work after March 13, 2019.  *Id.*

Reed filed an EEOC Charge of Discrimination on August 30, 2019 alleging race discrimination.[3]  ECF 21 at 4.  The EEOC issued a Right to Sue letter on August 10, 2020. *Id.* at 9.  Reed initiated this case on November 9, 2020.  After being granted leave (ECF 14, 18), Reed filed an Amended Complaint asserting a claim under Title VII alleging that AAA discriminated against him by discharging him on March 13, 2019, "16 days before company approved retirement of March 29, 2019 while similarly situated white agents were allowed to complete their notice periods."  ECF 21 at 2.  Reed also alleges that he decided to retire because he was ineligible for a lateral transfer to another position due to "retaliatory write-ups" by Martinez.  *Id.* at 2-3.

## II.    Legal Standards

### A.    Summary Judgment

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The party

---

[3] Reed stated in his EEOC Charge "I believe that my privacy was also violated because employment paperwork about me was sent to an ex-employee."  ECF 21 at 4.  Reed does not assert a claim based on a privacy violation in his Amended Complaint.

moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). When the party moving for summary judgment bears the burden of proof on an issue he must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

### B.    Title VII Burden Shifting

Claims for discrimination and retaliation under Title VII are subject to the familiar *McDonnell Douglas* burden-shifting framework. *Davis v. Dall. Area Rapid Transit*, 383

F.3d 309, 316–17 (5th Cir. 2004).  Pursuant to the *McDonnell Douglas* framework, a plaintiff relying on circumstantial evidence of discrimination or retaliation must first demonstrate a prima facie case.  *Davis*, 383 F.3d at 317 (citing *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002)).  To establish a prima facie case of discrimination, Plaintiff must show: (1) he was in a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside of his protected class or was otherwise treated less favorably than similarly situated employees.  *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Caldwell v. Univ. of Houston Sys.*, 520 F. App'x 289, 293 (5th Cir. 2013).

If a plaintiff meets this prima facie burden, a presumption of discrimination or retaliation arises, shifting the burden of production to the employer to articulate a legitimate, nondiscriminatory reason for its employment action.  *Id.*; *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 417 (5th Cir. 2016).  If the employer states a legitimate reason for its action, the inference of discrimination disappears, and the burden shifts back to the plaintiff to present evidence that the employer's proffered reason is merely pretextual.  *Id.*  "In contrast to the minimal burden that a plaintiff bears when establishing his prima facie case, a plaintiff must produce 'substantial evidence of pretext.'"  *Id.* at 419 (quoting *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402–03 (5th Cir. 2001)).  The plaintiff always bears the ultimate burden to prove discrimination. *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016).

## III.    Analysis

Defendant moves for summary judgment, arguing Plaintiff cannot meet his burden to demonstrate an adverse employment action—a required element of a claim for discrimination or retaliation.  Defendant also moves for summary judgment on the basis that Plaintiff has failed to exhaust administrative remedies for any claim other than discriminatory discharge and that any complaints about "retaliatory write-ups" are barred by the statute of limitations.

### A.    Reed voluntarily resigned from employment and therefore cannot show he suffered an adverse employment action.

The undisputed summary judgment record demonstrates that Reed voluntarily retired and selected March 29, 2019 as the effective date for his retirement.  ECF 23-1 (Martinez Declaration), ¶ 5.  Although Reed contends he was terminated on March 13, 2019, the record demonstrates he was paid through March 29, 2019.  *Id.*  Even if Defendant had accepted Reed's retirement and made it effective March 13, 2019, the early acceptance of his resignation does not constitute an adverse employment action.[4]  *See E.E.O.C. v. J.H. Walker, Inc.*, No. CIV.A.H-05-2232, 2007 WL 172626, at *22 (S.D. Tex. Jan. 18, 2007) (early acceptance of a resignation rather than allowing employee to work two more weeks does not support finding that plaintiff was fired (citing *Borque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 64 (5th Cir.1980)).

---

[4] Reed does not allege and has not presented evidence that he was denied retirement benefits due to being terminated on March 13, 2019 instead of being allowed to work until March 29, 2019.  In its letter brief to the EEOC, Defendant represented "Mr. Reed's termination was processed as a retirement, on the effective date that he requested."  ECF 21 at 8.

Nothing in the summary judgment record supports Reed's claim that he suffered an adverse employment action.  "A resignation is actionable under Title VII ... only if the resignation qualifies as a constructive discharge." *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 677 (5th Cir. 2021) (quoting *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001)).  "A plaintiff alleging constructive discharge must show that his or her 'working conditions were so intolerable that a reasonable employee would feel compelled to resign.'" *Id.* (quoting *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997)). The Court considers the following factors when deciding whether conditions are sufficiently intolerable to constitute constructive discharge:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status.

*Id.* (quoting *Lauderdale v. Tex. Dep't of Crim. Just., Institutional Div.*, 512 F.3d 157, 167 (5th Cir. 2007)).  To establish a constructive discharge, a plaintiff must demonstrate a greater degree of harassment than would be necessary to show a hostile work environment. *Id.*

Reed has not alleged any facts, presented any evidence, or cited any authority to support a claim of constructive discharge.  The Amended Complaint describes a series of verbal and written warnings given to Reed by Martinez for Reed's failure to meet performance goals.  ECF 21 at 2.  There is no dispute that Martinez issued the warnings, which culminated in a Final Disciplinary Action on December 14, 2018.  ECF 21 at 7; ECF

23-1, ¶4.  These actions fall far below the standard of intolerable conditions necessary to show constructive discharge under Fifth Circuit precedent.  *See Newbury*, 991 F.3d at 677 (describing conditions considered sufficiently intolerable conditions to include demotion; reduction in salary or job responsibilities; reassignment; harassment or humiliation calculated to encourage resignation; or retirement on terms less favorable than the employee's former status).

In sum, Reed's allegations and the summary judgment record do not demonstrate an adverse employment action and thus Reed cannot meet his burden to make a prima facie case of discrimination.[5]  Therefore, Defendant's motion for summary judgment should be granted and Reed's discriminatory discharge claim asserted in his Amended Complaint should be dismissed with prejudice.

### B.      Reed has not met his prima facie burden on his retaliation claim.

The elements of a Title VII retaliation case are: (1) plaintiff engaged in conduct protected by Title VII; (2) plaintiff suffered a materially adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015).   As to the element of protected activity, Reed alleges only that he spoke to human resources about the December 2018 write-up being improper.  ECF 21 at 1.  As to the element of an adverse employment action, Reed alleges he received verbal and written warnings in 2016 and 2017; was put on Final Disciplinary Action in December 2018; was removed from an

---

[5] Reed also fails to identify the white employees who were allegedly allowed to work through their notice periods, and thus has not shown that any similarly situated employees outside of his protected class were treated more favorably.

assignment covering Houston Woodlands Branch in January 2019; and was discharged on March 13, 2019. *Id.* Only adverse acts occurring after his protected activity—the complaint to human resources in December 2018—can have a causal connection to the protected activity. *See Pena v. Houston Community College*, Civil Action No. 4:18-cv-0188, 2019 WL 587693, at *5 (S.D. Tex. Feb. 13, 2019) (noting no causal link exists between protected activity and retaliatory actions when actions predate the protected activity). Therefore, the Court will consider only the alleged adverse actions occurring after his protected activity.

As discussed in the section above, the record is devoid of any evidence demonstrating that Reed was fired. Instead, the summary judgment record demonstrates that Reed voluntarily retired in March 2019.[6] Voluntary resignation does not constitute an adverse employment action. *See Newbury*, 991 F.3d at 677 (resignation only actionable if it constitutes constructive discharge).

Likewise, Reed has not shown that the January 2019 reassignment from the Woodlands qualifies as an adverse employment action. Reed failed to present any evidence demonstrating that the circumstances of the January 2019 reassignment made it materially adverse. For instance, there is no evidence the reassignment negatively impacted his pay, schedule, work conditions, or the status of his position. *See Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 485 (5th Cir. 2008) (finding plaintiff's transfer to a different department was not materially adverse as a matter of law and discussing circumstances that

---

[6] In addition, Reed does not allege any connection between his alleged discharge and his protected activity.

8

could make an employment action materially adverse for purposes of retaliation); *see also Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 893–94 (S.D. Tex. 2010) (finding plaintiff's complaints—closer monitoring, fewer work assignments, an award delay, a supervisor's unwelcome remarks, changes to her letter drafts, and a too small office—constituted only "petty slights" that would not dissuade a reasonable employee from making or supporting a charge of discrimination).   Because Reed has failed to demonstrate an adverse employment action following his protected activity, Defendant is entitled to summary judgment on the retaliation claim in his Amended Complaint.[7]

### C.   Plaintiff exhausted administrative remedies only for the race discrimination claim based on his alleged March 13, 2019 discharge.

Reed did not exhaust administrative remedies as to any claim other than his claim for race discrimination based on the alleged March 13, 2019 discharge.   Before pursing Title VII claims in federal court, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC.   *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019) (holding that while not jurisdictional, Title VII's charge-filing requirement is a mandatory processing rule); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996)).   Whether a

---

[7] Defendant also argues that Reed has not exhausted his remedies as to his retaliation claim.  *See* Section III.C, below. Exhaustion is not a jurisdictional requirement, *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850 (2019), and dismissal for lack of exhaustion is generally without prejudice.  *Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018).  However, because Reed's claim for retaliation fails on its merits, the Court recommends that his retaliation claim be dismissed *with prejudice*.  *See Harrison v. Brookhaven Sch. Dist., City of Brookhaven*, No. 5:20-CV-136-TBM-MTP, 2021 WL 4205656, at *3 (S.D. Miss. Sept. 15, 2021) (dismissing unexhausted retaliation claim with prejudice under Federal Rule of Civil Procedure Rule 12(b)(6) because "there is no set of facts under which [plaintiff] can prevail.").

plaintiff has exhausted a Title VII claim is determined "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006).

Reed checked only the box for discrimination on his EEOC Charge and none of the factual allegations contained in the Charge gave any indication to the EEOC or Defendant that he was alleging retaliation.  ECF 21 at 4.  Reed's allegation that his pre-termination disciplinary warnings were retaliatory do not "grow out of" his charge that his termination was racially motivated because white employees were allowed to work during their two-week notice period.  *Stanley v. Univ. of Tex. Med. Branch, Galveston, TX*, 425 F. Supp. 2d 816, 822–23 (S.D. Tex. 2003) ("Plaintiff's failure to articulate *any facts* concerning retaliation that would have put the EEOC on notice about the possibility of such, accompanied by his failure to check the retaliation box (he did check the race and gender discrimination boxes), are fatal to his retaliation claim." (emphasis in original)).  The Court concludes that Reed exhausted only a claim for discrimination based on the alleged March 13, 2019 discharge.  Thus, any discrimination or retaliation claims other than as discussed in sections III.A and B above that Reed's Amended Complaint could be plausibly construed to assert should be dismissed without prejudice for lack of exhaustion.  *See Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018) (dismissal for lack of exhaustion is without prejudice).

## IV.     Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment (ECF 23) be GRANTED and Plaintiff's claims for discrimination based on his alleged March 13, 2019 discharge and retaliation based on his alleged discharge and January 2019 reassignment be DISMISSED WITH PREJUDICE. The Court further RECOMMENDS that to the extent the Amended Complaint can be construed to assert any other claims for discrimination or retaliation, they should be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 03, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

11